IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

VIRGIL LEE WILLIAMS,

Plaintiff,

v. CASE NO. 1:13-cv-247-SPM-GRJ

SGT. STAPP,

Defendant.

_______________________________/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate serving a sentence in the custody of the Florida Department of Corrections, initiated this case by filing a *pro se*, *in forma pauperis* civil rights complaint pursuant to 42 U.S.C § 1983 and a motion for leave to proceed as a pauper. (Docs. 1 and 2.) Plaintiff's claims stem from two occasions on which he did not properly receive his vegan food tray at the Northwest Florida Reception Center. The case is before the Court for initial screening pursuant to 28 U.S.C § 1915A.

Plaintiff executed the civil rights complaint form under penalty of perjury. (Doc. 1 at 7.) Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits. (*Id*. at 3.) Section IV. B. of the form requires prisoners to disclose other federal cases involving the same or similar facts as the instant action. Plaintiff checked "Yes" and stated that he filed a case against Sgt. Davis in 1996 for alleged assault, and the case was dismissed for failure to comply with a court order. *See Williams v. Davis,* Case No. 3:96-cv-51-HES (N.D. Fla. 1996). Section IV. C. requires prisoners to disclose whether they have initiated actions in federal or state court "that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights

complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)[.]" Plaintiff checked "Yes" and stated that he filed a case against Sgt. Stapp in 2013 in the Gainesville Division, which was dismissed for abuse of the judicial process. *See Williams v. Stapp*, Case No.5:13-cv-333-WS-GRJ (N.D. Fla.) Section IV. D. of the complaint form requires prisoners to disclose whether they have "had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service," and if so to identify each case so dismissed. Plaintiff checked "No".

A review of the Court's PACER Case Locator reflects that Plaintiff has filed at least two other federal cases while he has been incarcerated. *See Williams v. Romine*, Case No. 3:01-cv-90-RV (N.D. Fla. 8/29/02) (dismissing case as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B)(I)) and *Williams v. Davis*, Case No. 3:97-cv-1123-RWN (9/22/97) (dismissing case for abuse of the judicial process).[1] These two cases count as "strikes" for purposes of 28 U.S.C § 1915(g). The Court confirmed that the plaintiff in these cases is the same as the plaintiff in this case, having been identified by his DOC inmate number (775684).

There can be no excuse for Plaintiff's lack of candor, because in another case in this District–*Williams v. Stapp*, Case No. 5:13-cv-333-WS-GRJ–a Report and Recommendation is currently pending recommending dismissal of that case for abuse of the judicial process. Plaintiff was advised in an Order to Show Cause (Doc. 5) and in

---

[1] The case Plaintiff disclosed in his complaint is *Williams v. Davis*, Case No. 3:96-cv-51-HES (2/15/96) (dismissing case for failure to comply with an order of the Court).

the November 13, 2013 Report and Recommendation (Doc. 8) that he failed to disclose the *same* cases he has failed to disclose in the instant complaint. The claims in the instant case are identical to those claims raised in Case No. 5:13-cv-333-WS-GRJ. Therefore, despite being put on notice that he had failed to disclose cases in the previous complaint; being given the case names, numbers, and disposition details of those undisclosed cases; and the recommendation that the case be dismissed for abuse of the judicial process, Plaintiff proceeded to complete a new complaint, under penalty of perjury, on December 2, 2013, that again failed to disclose all of his prior cases. (Doc. 5.)

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[2] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Id*. The Court determined that dismissal was an appropriate sanction:

Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith

---

[2]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

> litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

Plaintiff has failed to truthfully disclose his prior cases as required by the plain

language instructions of the form, despite clear instruction from the Court in Case No. 5:13-cv-333-WS-GRJ regarding the cases he failed to disclose and the consequences for doing so. Accordingly, it is respectfully **RECOMMENDED** that leave to proceed as a pauper be denied and that this case be **DISMISSED** for abuse of the judicial process.[3]

**IN CHAMBERS** this 6th day of December 2013.

s/Gary R. Jones
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[3] The Court notes that Plaintiff already has at least two "strikes" pursuant to 28 U.S.C. § 1915(g). The adoption of the Report and Recommendation in either this case or Case No. 5:13-cv-333-WS-GRJ will result in three "strikes" and Plaintiff will be barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).